UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:21-cv-00484

———

**Shields of Strength,**
*Plaintiff,*

v.

**U.S. Department of Defense et al.,**
*Defendants.*

———

## OPINION AND ORDER

This order resolves pending motions, postpones the status conference set for May 8, 2023, and appoints a mediator.

First, plaintiff moves for reconsideration of an aspect of the court's ruling granting the individual-capacity defendants' motion to dismiss the RFRA damages claims against them. Doc. 57 at 3–4. The court dismissed those claims upon concluding that qualified immunity applied because the alleged RFRA violations were not "clearly established" within the meaning of qualified-immunity case law. Doc. 51 at 32–33. The court concluded that it need not analyze whether qualified immunity is categorically unavailable as a defense to a RFRA claim because plaintiff did not so assert. Doc. 51 at 32 n.158. Plaintiff points out that it did so assert, albeit in a portion of its briefing captioned as and addressing a different topic (whether RFRA was violated at all). *See* Doc. 49 at 17. Accordingly, the motion to reconsider that aspect of the ruling is granted. A revised opinion and order analyzing that issue will be entered forthwith.

In the future, it would be helpful if plaintiff would present its arguments in a more logical structure, such that arguments necessary for the court to reach are not captioned and presented as arguments that the court need not necessarily reach if other grounds for a decision are available. And all parties are ordered to cite individual pages of filings in this case by the page number assigned by ECF, not any page number assigned by a party. *See* Doc. 53 (explanatory note for standing order JCB-CV-10).

Second, plaintiff moves for reconsideration of the court's denial of a preliminary injunction. Doc. 57 at 4–6. Plaintiff relies on an exhibit indicating that the Department of the Air Force would prefer to recognize an informal extension of its original 2017 licensing agreement with Shields. Doc. 57–1 (Ex. A). Under that 2017 licensing agreement, the Air Force trademark-licensing office has a right to review and approve specific products before plaintiff may distribute them. Doc. 38-5 (Ex. 5) at 8–9. The offer for an extension of that agreement does not help plaintiff's argument for a preliminary injunction or materially affect the court's reasoning for denying a preliminary injunction. *See* Doc. 51 at 16–27, 34–36. So the motion for reconsideration on this basis is denied.

Third, the official-capacity defendants moved to stay the proceedings until the deadline for plaintiff to appeal the denial of a preliminary injunction and the conclusion of any such appeal. Doc. 55. Plaintiffs' response to the motion is persuasive, Doc. 59, so the motion for a stay is denied.

Lastly, the court has reviewed the parties' Rule 26(f) report and takes two actions based on it. First, based on the parties' openness to mediation, Doc. 58 at 18, the court appoints United States Magistrate Judge John D. Love as mediator in this case. The parties shall contact Judge Love's chambers to set the time and place for mediation. Second, given defendants' objection to plaintiff's demand for a jury trial, the court orders further briefing on that issue before the case-management conference is held. The conference set for May 8, 2023, is cancelled. And each side is ordered to file a letter brief of no more than three pages providing argument and authorities on whether plaintiff is entitled to a jury trial on any of its claims and identifying those claims with specificity. The letter briefs must be filed by 5:00 p.m. on May 17, 2023.

*So ordered by the court on May 4, 2023.*

J. CAMPBELL BARKER
United States District Judge