UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00484

**Shields of Strength,**
*Plaintiff,*

v.

**U.S. Department of Defense et al.,**
*Defendants.*

### OPINION AND ORDER

Now before the court is the question whether plaintiff Shields of Strength is entitled to a jury trial on its claims seeking a declaration that its distribution of certain products does not create liability for infringing trademarks registered by the federal military. For the reasons given below, the federal government's sovereign immunity from factfinding on those claims by a jury, as opposed to a judge, has not been clearly and unequivocally waived.

**Analysis**

The right to a jury trial is decided on a claim-by-claim basis. *Ross v. Bernhard*, 396 U.S. 531, 537–38 (1970) ("The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action."); *see Dairy Queen v. Wood*, 369 U.S. 469, 472–73 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). Here, in response to the court's order to brief on a claim-specific basis any entitlement to a jury trial, Shields argues only for a jury trial on its fifth, sixth, and seventh causes of action. Doc. 60 at 2; Doc. 65. Those claims seek a declaration of no infringement liability due to either no likelihood of consumer confusion, the defense of fair use, the limitations of the Free Speech Clause on trademark liability, or the statutory unprotectability of marks that are generic. On claims 1–4 and 8–11 of the operative complaint, therefore, any argument for a jury trial

has been forfeited as untimely under the court's order. Doc. 60 at 2 (setting briefing deadline of May 17, 2023).

Claims 5, 6, and 7 and the final claim that was added in the second amended complaint (Claim 13, as renumbered by the court) all present theories of why plaintiff would not be liable in a hypothetical infringement action brought against it by the relevant defendant. So they are among the "noninfringement claims" in this case. *See* Doc. 140 at 4–5.

Because this is a declaratory action brought by the potential infringer, the jury-trial right turns on whether that right would attach if the same dispute were presented in an action for coercive relief. *Cf., e.g.*, *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1288 (Fed. Cir. 2005) ("We have made clear that for purposes of the right to a jury trial in patent cases, it is inconsequential whether the parties are aligned in the conventional manner (patentee as plaintiff and accused infringer as defendant and invalidity counterclaimant) or in the manner that results when the accused infringer initiates the action as a declaratory judgment (accused infringer as plaintiff and patentee as defendant and infringement counterclaimant).").

In a traditional infringement dispute, the jury-trial right turns on whether the infringement accuser elects to seek damages or instead limits itself to seeking only equitable relief. *See id.* (holding that, "in an analogous action in eighteenth century England, the patentee's decision to seek only an injunction would require that the suit be brought in equity, not at law"). When the same infringement dispute is brought by the potential infringer in a declaratory posture, the jury-trial right thus turns on whether the putative infringement accuser (the declaratory defendant) has "voluntarily abandoned its claim for damages," as by filing an infringement counterclaim seeking equitable relief only, or instead has chosen to "elect a jury by seeking damages in an infringement action or counterclaim." *Id.* at 1289–90.

Here, defendants have not filed any counterclaim of infringement, much less one seeking damages as opposed to an injunction. To be sure, one defendant asserts a breach-of-contract counterclaim, but that claim is not an infringement claim and is thus analyzed separately for purposes of a jury-trial right. Doc. 149 at 52.

At the same time, defendants have not affirmatively relinquished the right to seek damages for potential infringement. And their answer to the complaint generically prays for "such other relief as the Court may deem appropriate." Doc. 149 at 43. So defendants have not positively abandoned any claim to infringement damages, but they have not affirmatively claimed such damages either.

In a case involving only private parties in this posture, the court would simply set a deadline for the declaratory defendants to state whether or not they voluntarily relinquish any entitlement to damages on the infringement dispute presented in the declaratory action. (Defendants here are still free to file such a voluntarily disclaimer of that remedy.) But, even if the Seventh Amendment would entitle Shields of Strength to a jury trial on its noninfringement claims absent such a disclaimer by a private defendant, the defendants here are all government agencies or officials. That implicates the doctrine of sovereign immunity from suit.

The Supreme Court has recognized the general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Under that principle, even when Congress waives the government's immunity from suit, "the plaintiff has a right to a trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *Testan*, 424 U.S. at 399). The waiver of sovereign immunity from

factfinding by a jury, as opposed to a judge, must be expressed "clearly and unequivocally." *Id.* at 162.

Here, as the court has held, the noninfringement claims fall within the Administrative Procedure Act's waiver of sovereign immunity from suit. Doc. 140 at 14–19. But the APA's waiver applies only to actions "seeking relief other than money damages," 5 U.S.C. § 702, and the right to a jury trial does not attach in such actions. *In re Tech. Licensing Corp.* 423 F.3d at 1289. Nor does the APA's waiver provision reference jury trials in any way or waive immunity from factfinding by a jury, as opposed to a judge. So the court cannot find a clear and unequivocal waiver of immunity from that type of suit, as Supreme Court precedent demands.

Plaintiff tries to avoid sovereign immunity by arguing that this is "not a suit *against* the government" because this is a declaratory action. Doc. 65 at 1. But the Declaratory Judgment Act does not waive the sovereign immunity of the United States. *Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956). Hence, plaintiff has identified a clear and unambiguous waiver of sovereign immunity in this case by pointing to the APA. But that Act's waiver does not clearly and unambiguously extend to trials by jury.

At bottom, plaintiff's position suggests that the government has waived its sovereign immunity by conduct, namely, by creating the Article III case or controversy that plaintiff now presents in a declaratory posture. But the court has already noted the established rule that the sovereign immunity of the United States cannot be waived by the conduct of its officials. *United States v. U.S. Fid. & Guar. Co.*, 309 U.S. 506, 513 (1940). Perhaps that "should not" be the rule, as plaintiff suggests. Doc. 65 at 2. But that is an argument for the Supreme Court, not this court.

**Conclusion**

For those reasons, all issues of fact presented by plaintiff's complaint must be resolved by a judge, rather than a jury. Nonetheless, the court is receptive to empaneling an advisory jury on the noninfringement claims pursuant to Federal Rule of Civil Procedure 39(c). That would be the same jury that decides the counterclaim for breach of contract if it proceeds to trial and if plaintiff timely demands a jury trial on that claim under Rule 38(b).

To explore that possibility, each side is ordered to file a notice stating its position on the desirability of an advisory jury on the noninfringement claims. Those notices must be filed within 21 days of the date of this order.

*So ordered by the court on July 30, 2024.*

J. CAMPBELL BARKER
United States District Judge