UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00484

**Shields of Strength,**
*Plaintiff,*

v.

**United States Department of Defense et al.,**
*Defendants.*

# OPINION AND ORDER

Now before the court are two issues regarding a jury trial in this case. First is whether Shields of Strength timely requested a jury on the Air & Space Forces Intellectual Property Management Office's breach of contract counterclaim. Second is whether this court will empanel an advisory jury for the claims in plaintiff's second amended complaint.

For the reasons given below, this court holds that plaintiff timely requested a jury trial for the breach of contract counterclaim. A binding jury will be empaneled to hear that counterclaim. This court will also empanel an advisory jury on all other claims and issues that proceed to trial.

## I. Counterclaim jury right

This court previously held that all issues of fact in plaintiff's complaint must be resolved by a judge, noting that the Administrative Procedure Act's waiver of sovereign immunity did not "clearly and unambiguously extend to trials by jury." Doc. 163 at 4. In that order, however, the court left open the possibility of empaneling a jury for one defendant's breach of contract counterclaim. *Id.* at 5. The court also ordered that the parties submit notices to the court regarding the desirability of an advisory jury. *Id.*

The parties, in their notices, filed conflicting positions, not only on the preferability of an advisory jury but also on whether a jury would be empaneled for the counterclaim at all. *Compare*

Doc. 170 at 3 (defendants' brief arguing that "no claim will be tried by jury as a matter of right in this case"), *with* Doc. 171 at 7 (plaintiff's brief arguing that "a jury will be empaneled for Defendants' counterclaim"). Therefore, the court will directly address plaintiff's jury right on the counterclaim.

Under Federal Rule of Civil Procedure 38(b), a party seeking a jury trial on an issue triable of right by a jury must serve a written demand "no later than 14 days after the last pleading directed to the issue is served." This deadline "sets the outside limits on when a timely demand may be filed," and a party is not required to wait until the last pleading directed to the issue is served. *See, e.g.*, *Horwitz v. Alloy Auto. Co.*, 677 F. Supp. 564, 566 (N.D. Ill. 1988).

In its original complaint, plaintiff requested a jury "on all issues that may be tried to a jury." Doc. 1 at 51. Plaintiff did so again in its first amended complaint, Doc. 34 at 58, and its second amended complaint, which was filed on December 5th, 2023, Doc. 110 at 70. On June 14, 2024, the Air & Space Forces Intellectual Property Management Office asserted a breach of contract counterclaim within defendants' answer. Doc. 149. Plaintiff did not reassert its jury demand in its reply to the counterclaim. Doc. 156. Plaintiff's next reference to a jury was in its notice submitted to the court 32 days after its reply, which affirmatively stated that "a jury will be empaneled" for the counterclaim. Doc. 171 at 7.

After the counterclaim but before the notice was filed, this court held that plaintiff did not have a jury right on the claims in its second amended complaint. Doc. 163. That gave rise to the issue here: whether plaintiff's original jury demand on its claims, though later held to be outside the limits of the APA's waiver of sovereign immunity, would suffice as its jury demand for an after-arising counterclaim. This court holds it does so suffice.

The plain language of Rule 38 does not require that the jury demand come *after* the first pleading that raises the issue. It simply requires that the demand be served "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ.

P. 38(b). For an issue raised in a counterclaim, the "last pleading directed to the issue" is the reply to that counterclaim. *Matter of Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995).

At the time the counterclaim was filed in this case, plaintiff had an active jury demand "on all issues that may be tried to a jury." This demand is a general one under Rule 38(c), which states that parties are "considered to have demanded a jury trial on all the issues so triable." Fed. R. Civ. P. 38(c). The breach of contract counterclaim is one of these issues, and it would be covered by plaintiff's general demand. Therefore, no later than 14 days after the reply, a jury demand covering the jury-triable issue had been filed. *See* Docs. 1, 34, 110 ("Shields requests a jury trial on all issues that may be tried to a jury."). Thus, plaintiff's request is timely.

A similar issue has been addressed before. The defendants in *Horwitz v. Alloy Automotive Co.* argued that, "because plaintiffs' jury demand was made before the counterclaim was asserted, the demand is not timely with regard to any issues raised in the counterclaim." 677 F. Supp. at 566. They argued that plaintiffs needed to file a second demand—in addition to their first general jury demand that was made before the counterclaim—after the counterclaim was filed. *Id.* The court disagreed with the defendants, stating that "once a general jury demand is timely asserted, a second demand need not be made after the filing of a counterclaim to assure a jury trial on issues raised in the counterclaim or reply." *Id.* Here, plaintiff timely submitted a general jury demand, and like the plaintiffs in *Horwitz*, a second demand need not be made after the filing of a counterclaim to secure a jury trial on those issues.

"The right to jury trial is too important and the usual procedure for its waiver is too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation." *Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir. 1998). Because the right to a jury is fundamental, "courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389, 393 (1937). For this

court to find a knowing and voluntary relinquishment of plaintiff's right to a jury—in light of plaintiff's demand in its initial complaint and its continued demands thereafter—would run afoul of the important jury-right principles the Supreme Court and Fifth Circuit have laid out for this court. Therefore, this court holds that plaintiff's original jury demand is timely and not waived as to the breach of contract counterclaim.

Even if plaintiff's jury demand was not timely asserted as to the breach of contract counterclaim, this court would choose to empanel one pursuant to Rule 39(b). Fed. R. Civ. P. 39(b) ("the court may, on motion, order a jury trial on any issue for which a jury might have been demanded"). Though plaintiff has not submitted a formal motion, it is within this court's discretion to construe the requests in plaintiff's complaints or its notice as a motion under Rule 39(b). *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964) (allowing an untimely jury demand to serve as a Rule 39(b) motion); *see also, e.g.*, *Marlow LLC v. BellSouth Telecomms., Inc.*, No. 2:10-cv-00135, 2012 WL 5342518, at *2 (S.D. Miss. Oct. 29, 2012) ("[Plaintiff] has not filed a motion for jury trial under Rule 39(b), but the Court will exercise its discretion to treat the jury request in the Amended Complaint . . . as one."). The court chooses to exercise that discretion here.

There is a five-factor test for assessing a motion for a binding jury trial under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). "Technical insistence upon imposing a penalty for default [under Rule 38] by denying a jury trial is not in the spirit of the rules." *Id.* at 1066. Indeed, "the court should grant a jury

trial in the absence of strong and compelling reasons to the contrary." *Id.* at 1064.

First, contract disputes are "the sort usually tried to a jury" and are "well within the comprehension of a jury." *Id.* Many district court opinions have recognized this principle. *See, e.g.*, *Williams v. Aire Serv, LLC*, No. 6:18-cv-00304, 2019 WL 13150028, at *1 (W.D. Tex. Jan. 17, 2019) (holding that this factor supports a jury trial for a breach of contract issue); *Pelican Tug Co. v. Am. Home Assurance Co.*, No. 3:07-cv-00434, 2009 WL 10695216, at *2 (S.D. Tex. July 20, 2009) (same); *Stallard v. Allstate Ins. Co.*, No. 2:05-cv-02162, 2006 WL 2331168, at *3 (S.D. Miss. Aug. 10, 2006) (same). This factor favors a jury trial.

Second, there would be minimal disruption to this court's schedule, and there is enough time to issue jury summons. Trial is approximately two months away, giving the adverse parties enough time to affirmatively tailor their litigation strategy to a presentation that involves a jury. This factor also favors a jury trial.

Third, the court is unpersuaded that there is prejudice toward the defendants. Despite defendants' assertions otherwise, defendants had many months of notice that a jury right for the counterclaim was a contested issue in this case. *See, e.g.*, Docs. 170, 171 (defendants and plaintiff taking opposite positions on the counterclaim jury right); Doc. 185 at 3 n.1 (noting the unresolved issue of whether "a jury trial has been timely requested on the counterclaim"). Defendants "cannot claim [they were] taken by surprise in [their] preparations for trial." *Daniel*, 916 F.2d at 1064. Failing to prepare, in light of these conflicts and warnings, for the possibility that a jury would be empaneled would be a litigation gamble whose risk rests on the gambler, not his adversary. But even if this were not the case, one district court felt that "fundamental fairness" required granting a motion for a jury trial as little as two weeks before trial. *Oswald v. Laroche Chems., Inc.*, 162 F.R.D. 283, 285 (E.D. La. 1995). This court feels the same. This factor does not counsel against a jury trial.

Fourth, any possible argument for plaintiff's jury trial demand being untimely is not because plaintiff's demand was *delayed* but rather because it came *too early* (i.e., before the breach of contract counterclaim was filed). But assuming, *arguendo*, that plaintiff's complaints did not include a jury demand, plaintiff again affirmatively expressed its desire for a counterclaim jury in its notice to the court. Doc. 171 at 7. That notice came a little over four weeks after the last pleading directed to the issue, or plaintiff's reply to the counterclaim. This short delay weighs in favor of a jury trial. *See Williams*, 2019 WL 13150028, at *2 (finding a five-week delay to weigh in favor of granting the motion for a jury trial); *Bailey v. Teachers' Ret. Sys. of LA.*, No. 96-cv-02339, 1997 WL 240746, at *1 (E.D. La. May 8, 1997) (Clement, J.) (granting a motion for a jury trial where there was an eight-week delay, albeit in a pro se case); *cf. United States v. Lochamy*, 724 F.2d 494, 499 (5th Cir. 1984) (finding "delay alone" did not necessarily support denial of a jury trial, even in light of that delay being 21 months).

Fifth, because this issue has not been fully briefed, it is difficult for this court to speculate about the reasons for delay, again assuming any delay even exists. However, this court will note the extensive complexity of arguments over jury rights in this case. This factor does not counsel against a jury trial.

Therefore, upon consideration of the *Daniel* factors, this court finds that a jury trial would be warranted under Rule 39(b) even if plaintiff's request was technically untimely. But this court holds that plaintiff's general jury demand was a timely request for the breach of contract counterclaim. A binding jury will be empaneled for that counterclaim.

## II. Advisory jury

Next, the court will determine whether it is appropriate to empanel an advisory jury for plaintiff's claims. The answer to that question depends first on whether empaneling an advisory jury would offend the limits of the APA's sovereign immunity waiver. Next, the court will address the wisdom of empaneling an advisory jury in this case.

As stated, this court previously held that the APA did not clearly and unequivocally waive sovereign immunity as to a jury trial, as opposed to a bench trial. Doc. 163 at 4. Underlying this principle was whether it was one of "the terms of [the government's] consent to be sued" to conduct a jury trial. *Id.* at 3. Defendants argue that this principle extends to advisory juries and binding juries alike. Doc. 170 at 2. For the following reasons, the court disagrees.

Rule 39(c) states that "in an action not triable of right by a jury," this court, on motion or on its own, "may try any issue with an advisory jury." Fed. R. Civ. P. 39(c). Even in cases against the United States, the "[d]enial of the power to use an advisory jury in such a case, or in *any* case, seems to be a misreading of Rule 39(c)." 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2335 (4th ed.) (emphasis added). That is because "[a]n advisory verdict has no force, other than persuasive, on the court, which remains the sole and final decision-maker." *Hamm v. Nasatka Barriers Inc.*, 166 F.R.D. 1, 3 (D.D.C. 1996).

This court finds the reasoning in *Hamm* persuasive—an advisory jury is an "optional aid" that allows the judge to completely retain his or her authority to be the final factfinder and decisionmaker. *Id.* Accordingly, the use of an advisory jury "does not infringe upon the sovereign immunity of the United States." *Id.*

Of course, the *Hamm* court dealt with a waiver of sovereign immunity under the Federal Tort Claims Act, not under the APA like the case here. *Id.* at 2. But other courts have extended *Hamm*'s reasoning to other actions where there is no jury trial right. *See, e.g.*, *Versai Mgmt. Corp. v. Standard Fire Ins. Co.*, No. 06-cv-04838, 2007 WL 184884, at *3 (E.D. La. Jan. 22, 2007) (finding *Hamm*'s reasoning "sound and analogous" in an action where there was no jury right under the National Flood Insurance Act); *Brown Bros. Concrete, Inc. v. United States*, No. 3:01-cv-01257, 2002 WL 31002878, at *2 (M.D. Fla. July 26, 2002) (noting the permissibility of an advisory jury in an action brought

under the Internal Revenue Code).[1] This court agrees that *Hamm*'s reasoning is sound and analogous here, too. The Administrative Procedure Act's waiver of sovereign immunity, which prohibits this court from empaneling a binding jury on plaintiff's claims, does not prohibit this court from empaneling an advisory jury for the same.

Now, the court addresses the wisdom of empaneling an advisory jury in this case. Plaintiff cites, in support of its argument to empanel an advisory jury, many of the contested trademark issues, noting that the advisory jury will be able to shine helpful light on consumer confusion and fair use issues, among others. Doc. 171 at 4–5. Defendants argue that an advisory jury would simply impose additional costs on the parties, claiming that it would be inefficient and a waste of judicial resources. Doc. 170 at 3.

First, in accordance with the analysis above, a binding jury will be empaneled for the breach of contract counterclaim. The jury would not be empaneled, as defendants state, "solely for advisory purposes." Doc. 170 at 3. The parties will have to undertake voir dire and make other preparations for a jury trial. Many costs associated with a jury trial will already be imposed on the parties, regardless of this court's decision to empanel an advisory jury on plaintiff's claims. Therefore, the costs to the parties of allowing that jury to continue to serve as an advisory jury on plaintiff's claims are lessened.

Second, an advisory jury will "aid the undersigned in making credibility determinations" as the parties are anticipated to produce competing expert discovery on many of its claims. *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236, 2013 WL 5304134, at *5 (N.D. Cal. Sept. 20, 2013). Defendants emphasize that,

---

[1] Defendants argue that this court should instead follow the decision in *Latz v. Gallagher*. 562 F. Supp. 690 (W.D. Mich. 1983). Though the court in *Latz* held differently, it did so with little reasoning, only noting that "strict construction" of the National Flood Insurance Act without any further explanation precluded an advisory jury. *Id.* at 693. This court finds the reasoning of *Hamm*, *Versai*, and *Brown Bros.* more persuasive.

through their expert discovery, they will offer evidence on the perceptions of the *consuming* public, not just the *general* public. Doc. 170 at 6. The court welcomes such expert evidence to the extent those sets of individuals diverge, and the court also welcomes the perception of the advisory jury in making its determination of the credibility of those experts.

Third, the Fifth Circuit has accepted a district court's use of an advisory jury for trademark infringement claims. *Frostie Co. v. Dr. Pepper Co.*, 361 F.2d 124, 126 (5th Cir. 1966). In *Frostie*, the district court used the advisory jury to assess questions of consumer confusion. *Id.* And this court finds that an advisory jury could be similarly helpful here. Of course, this court will not impermissibly substitute the perception of an advisory jury for evidence properly provided by the parties, as defendants argue. Doc. 170 at 7. The advisory jury, like the court, will hear the parties' evidence, and this court will remain the sole and final decisionmaker on all issues of fact.

And fourth, the licensing claims involve other issues and topics where advisory juries have been empaneled by other courts. Plaintiff seeks vacatur of a Department of Defense instruction that directs policy on military licensing involving "ideological movements, sociopolitical change, religious beliefs," and more, and courts have empaneled advisory juries for assistance with "important issues impinging on national public policy." Doc. 140 at 11; *NAACP v. Acusport Corp.*, 226 F. Supp. 2d 391, 399 (E.D.N.Y. 2002). Plaintiff also seeks injunctive relief, and courts have empaneled advisory juries in "determining the appropriateness of injunctive relief." Doc. 140 at 3; *NAACP*, 226 F. Supp. 2d at 399.

Therefore, the court will exercise its discretion to empanel an advisory jury for plaintiff's claims, finding it helpful and appropriate to do so.

### III. Conclusion

A binding jury will be empaneled for the Air & Space Forces Intellectual Property Management Office's breach of contract

counterclaim. The same jury will serve as an advisory jury for all other claims and issues in this case.

The parties are hereby given notice that, if this court's earlier ruling (Doc. 163) that the APA's waiver of sovereign immunity prohibits a binding jury on plaintiff's claims is reversed on appeal, the advisory jury's verdict may become binding at the discretion of the appellate court. In the interest of protecting both judicial efficiency and the parties' litigation resources, the parties are advised and given notice to treat the judicial record accordingly.

*So ordered by the court on December 13, 2024.*

J. CAMPBELL BARKER
United States District Judge